### 10577

#### MILLER v. GOODWIN.

#### (106 S. E. 30)

APPEAL AND ERROR—JUDGEMENT PROPERLY RENDERED AGAINST APPELLANT FAILING TO COMPLY WITH CONDITIONS OF MANDATE.—Where the Supreme Court on appeal had declared a deed void on condition defendants pay a judgment and costs within 30 days, but otherwise confirmed the sale, defendant could have given notice and taxed all costs, or he could have made his own calculation of costs and tendered the correct amount as provided for in the judgment of the Court, but, if he failed to comply with the condition, judgment was properly rendered against him.

Before McIver, J., Richland.    April, 1920.    Affirmed.

Action by E. McKay Miller against George Goodwin. From order overruling motion to correct taxation of costs, the defendant appeals.

*Mr. Barnard B. Evans,* for appellant, cites: *Reversal of order confirming sale involved setting aside entry of*

*judgment with costs:* 18 S. C. 555; 21 S. C. 340; 23 S. C. 120. *Circuit Judge should have ordered taxation made:* 73 S. C. 20. *Taxation must await final judgment when circuit decree has been reversed:* 35 S. C. 165. *Expenses should be taxed as disbursement:* 60 S. C. 58. *In equity cases Court controls costs:* 20 S. C. 167. *Disbursements must be verified to be allowed:* 24 S. C. 257. *What are disbursements:* 48 S. C. 494.

*Hunter A. Gibbes,* for respondent, cites: *Order nisi in* 113 S. C. 365, not having been complied with, appellant's *rights have expired.*

Feb. 10, 1921.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is the third appeal in this case. 111 S. C. 333; 98 S. E. 129; 113 S. C. 365; 101 S. E. 834. It is from an order of his Honor JUDGE McIVER, wherein he finds:

"That the defendant has failed to comply with the terms of the order of the Supreme Court within the time specified."

The time specified by this Court in the second appeal was:

"The judgment of this Court is that, if the appellants, within 30 days after remittitur of this Court is received in the Circuit Court, shall pay to the master for Richland county the judgment fixed by the decree of JUDGE TOWNSEND, in full and all interest thereon, up to the day of payment, as fixed by his judgment, that is, when the remittitur of this Court, and all costs due thereon up to the time of sale intended to be made in March, 1919, then the deed executed to the

respondents be set aside and declared to be null and void, and the order appealed from reversed; otherwise the order appealed from confirmed, however, with no costs of this appeal."

This remittitur was received in Circuit Court February 5. 1920. Exceptions, three in number, allege error, and are overruled.

His Honor's finding was correct. Defendant could have given notice and taxed all costs. He could have made his own calculation and tendered correct amount, as provided for in the judgment of this Court. Having failed to comply with the madate of this Court, his Honor was correct in his holding, and judgment is affirmed.